UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Katalin Bloodgood-Loper,<br><br>    Plaintiff<br>v.<br><br>Lenard Loper, et al,<br><br>    Defendants<br><br>ALL OTHER CLAIMS AND PARTIES | Case No.: 2:22-cv-01320-JAD-BNW<br><br>**Order Denying Motion for Temporary Restraining Order, Granting Motion for Leave to Amend Complaint, and Denying as Moot Motions to Dismiss and Motion to Strike**<br><br>[ECF No. 11, 17, 19, 21, 23, 33] |

Pro se plaintiff Katalin Bloodgood-Loper filed this action against her husband, Charles Utz Loper; his father Lenard Loper; Lenard's[1] company LVL Investments, Inc; and Eighth Judicial District Judge Shell Mercer for circumstances arising from her state-court divorce proceedings. In the span of two weeks, Katalin filed three amended complaints.[2] And in early September 2022, she filed two identical documents titled "motion to amend."[3] One of those documents was docketed as another "amended complaint," and the other was filed as a "motion to amend."[4] So, to clean up the docket, I direct the Clerk of Court to strike the docket entry entitled "amended complaint."[5]

---

[1] Because they share a last name, I refer to Katalin, Charles, and Lenard by their first names. No disrespect is intended by doing so.

[2] ECF No. 1; ECF No. 3; ECF No. 6; ECF No. 8.

[3] ECF No. 17; ECF No. 19. The only difference between these two documents is the date on which they were signed.

[4] *See id.* ECF No. 19 is titled "revised motion to amend" and refers to her attached "proposed complaint." *Id.* While the motion was not clearly docketed as a motion to amend her complaint, I construe it as one.

[5] *See* ECF No. 17.

Lenard and Judge Mercer filed motions to dismiss Katalin's second-amended complaint but ignored her third-amended complaint, which was filed on August 29, 2022.[6] And any responses to Katalin's motion to amend her complaint for a fifth time were due on September 26, 2022, but no responses to that motion were filed.[7] So I grant Katalin's motion to amend as unopposed and thus deny the pending motions to dismiss as moot without prejudice to the defendants' ability to file motions to dismiss Katalin's fourth-amended complaint. I also deny as moot Charles's motion to strike Lenard's motion to dismiss[8] because Lenard's motion to dismiss has now been denied.

Katalin also filed a "motion to amend [] temporary restraining order for stay of divorce proceedings and corrections," arguing that she will suffer irreparable harm if she is required to participate in an evidentiary hearing scheduled in September 2022.[9] However, she states in her motion to amend her complaint that "[a] temporary restraining order is no longer needed as the [e]videntiary hearing in [her] family[-]law case has been rescheduled for January 4, 2023."[10] So I deny as moot her motion for a temporary restraining order.

---

[6] *See* ECF No. 21; ECF No. 23. Both motions to dismiss were filed after Katalin filed her third-amended complaint. It appears the defendants believed that Katalin's third-amended complaint was merely proposed and thus did not move to dismiss it. *See* ECF No. 20 (Judge Mercer's notice withdrawing her motion to dismiss the complaint at ECF No. 17 to instead file a motion to dismiss Katalin's second-amended complaint); ECF No. 23 at 2 (Lenard's motion to dismiss, noting that plaintiff "filed a third-amended complaint on August 29, 2022, which remains pending before this court" (cleaned up)). But they did not oppose her motions to amend, choosing instead to focus only on the second-amended complaint, which was superseded by the third-amended complaint.

[7] *See* ECF No. 19.

[8] ECF No. 33.

[9] ECF No. 11.

[10] ECF No. 19 at 1.

## Conclusion

IT IS THEREFORE ORDERED that plaintiff Katalin Bloodgood-Loper's motion for a temporary restraining order **[ECF No. 11] is DENIED**.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to STRIKE the "amended complaint" at ECF No. 17**.

IT IS FURTHER ORDERED that plaintiff's motion for leave to amend her complaint **[ECF No. 19] is GRANTED. The Clerk of Court is directed to detach and file ECF No. 19, pages 3–21 and docket those pages as plaintiff's "Fourth Amended Complaint,"** which is deemed the operative complaint in this case. **The Clerk of Court is further directed to attach plaintiff's exhibits at ECF No. 19-1 to that complaint.**

IT IS FURTHER ORDERED that the motions to dismiss **[ECF Nos. 21, 23]** and Charles Utz Loper's motion to strike **[ECF No. 33] are DENIED as moot**.

Katalin is cautioned that if she desires to file any more amended, corrected, or revised complaints, she must first seek and obtain leave of court to do so with a motion that complies with Local Rule 15-1 and is clearly labeled as a "Motion for Leave to Amend Complaint."

_____
U.S. District Judge Jennifer A. Dorsey
October 18, 2022

3